PICKETT, J.,
concurring in part and dissenting in part.
hi concur in the judgment of the majority opinion to the extent that the reduction of Mr. Le’s damages by twelve and one half percent is reversed. I find the plain language of La.Civ.Code art. 2323(C) demands this result, but only because Mr. Le *383 suffered damages “as a result partly the result of his own negligence and partly the result of the fault of an intentional tortfeasor.”
In all other respects, I dissent from the majority’s judgment. Mr. Prince’s damages were properly decreased by twenty percent because of the negligence of Mr. Le. Article 2323(C) does not apply to allow Mr. Prince full recovery because his damages are not a result of his own negligence. The majority believes it would be absurd to allow Mr. Le, a negligent party, to recover all of his damages, but reduce the fault of Mr. Prince, an innocent party, by twenty percent because of the negligence of Mr. Le. But Mr. Prince is not being punished because of Article 2323(C). Mr. Prince could have recovered one hundred percent of his damages simply by naming Mr. Le as a defendant in this suit. The majority’s “reasonable result” is contrary to the law, and I respectfully dissent.
Because I would reverse the judgment of the trial court insofar as it lowered Mr. Le’s recovery from Nitetown, I would likewise reverse the assessment of court lycosts to him. I would not disturb the trial court’s assessment of twenty percent of the costs in Mr. Prince’s case to Mr. Le, as I find no abuse of the trial court’s broad discretion in assessing costs.
Finally, I would affirm the trial court’s general damage awards because the designated record provides an incomplete basis for a thorough review. When the plaintiffs originally designated the record, they only included the portion of the trial court record and transcript containing proceedings which occurred after the jury rendered its verdict. The plaintiffs then supplemented the record with some medical records of Messrs. Le and Prince with this court’s permission, over the objection of Nitetown. After this case was heard by a three-judge panel, but before it was submitted to a five-judge panel, the plaintiffs supplemented the record with the full medical records of both plaintiffs. The plaintiffs argue that this court should increase the general damages awarded.
In Reck v. Stevens, 373 So.2d 498 (La.1979), the supreme court rejected the approach of reviewing general damage awards by simply reviewing medical evidence and determining that the trial court abused its discretion. The law clearly requires that we must determine “whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the ‘much discretion’ of the trier of fact.” Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260 (La.1993). Because the designated record in this case lacks any indication of the “particular circumstances of the particular injured person,” I cannot review whether the trial court abused its great discretion. On the record before us, I would find that the assignment of error lacks merit.
The majority reviews the facts of this case not by reviewing the testimony, under cross-examination, of the participants in the altercation, but by relying on the | ^report of Mr. Le’s psychologist and the medical records of Messrs. Le and Prince. Outside of the context of the trial transcript, I find that the majority errs in considering this evidence to evaluate whether the trial court abused its much discretion in its award of general damages.